1   KEVIN A. DARBY, NVSBN 7670
    TRICIA M. DARBY, NVSBN 7956
2   DARBY LAW PRACTICE, LTD.
    4777 Caughlin Parkway
3   Reno, Nevada 89519
    Telephone: (775) 322-1237
4   Facsimile: (775) 996-7290

5   [Proposed] Reorganization Counsel for
    Debtor and Debtor in Possession

6
                    **UNITED STATES BANKRUPTCY COURT**
7                            **DISTRICT OF NEVADA**

8   In re:                              Case No.: BK-N-10-54972-gwz
                                        Chapter 11
9   MICHAEL DECKER,
                                        DECLARATION OF KEVIN DARBY IN
10              Debtor.                 SUPPORT OF ENTRY OF ORDER UPON
                                        NEGATIVE NOTICE OF APPLICATION
11                                      AUTHORIZING THE RETENTION AND
                                        EMPLOYMENT OF DARBY LAW PRACTICE,
12                                      LTD. *NUNC PRO TUNC* TO PETITION DATE

13                                      Negative Notice
                                        Not Required Unless Opposed
14  _____

15

16          KEVIN A. DARBY, ESQ., declares under penalty of perjury the following:

17          1. I am an attorney licensed to practice in the State of Nevada and this Court and am

18   counsel for Debtor in the above-entitled matter.

19          2. On January 27, 2010, I caused to be filed the APPLICATION TO EMPLOY,

20   DECLARATION IN SUPPORT OF APPLICATION TO EMPLOY and NEGATIVE NOTICE

21   OF APPLICATION TO EMPLOY (the "Application", "Declaration", and "Notice"); attached

22   hereto as Exhibit "1" are true and correct copies of the Application, the Declaration, the Notice

23   and proper proof of service of same. The Notice sets forth the deadline of 21 days, and the

24   requirement that an objection be filed, set, served, and noticed by that date.

25

26

27

28

1    3. No opposition has been timely filed, as reflected on the Docket, and no opposition has

2    been served upon me, therefore the Order, uploaded concurrently, may be entered, pursuant to 11

3    U.S.C. § 102(1)(B)(i).

4        DATED this 24th day of February, 2011.

5

6                                              DARBY LAW PRACTICE, LTD.

7

8                                              By: __/s/ Kevin A. Darby_____
                                               KEVIN A. DARBY, ESQ.
9                                              Attorney for Debtor and
                                               Debtor in Possession
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "1"**

**EXHIBIT "1"**

KEVIN A. DARBY, NVSB #7670
TRICIA M. DARBY, NVSB #7956
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada  89519
Tel.    775.322.1237
Fax.    775.996.7290
kevin@darbylawpractice.com
tricia@darbylawpractice.com

[Proposed] Counsel for Debtor
and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

MICHAEL DECKER,

        Debtor.

_____/

Case No.: BK-N-10-54972-gwz
Chapter 11

**NEGATIVE NOTICE OF APPLICATION FOR THE RETENTION AND EMPLOYMENT OF DARBY LAW PRACTICE, LTD. AS COUNSEL TO THE DEBTOR NUNC PRO TUNC TO THE PETITION DATE**

**(No hearing required unless opposed)**

     **PLEASE TAKE NOTICE THAT:** On January 26, 2011 and pursuant to 11 U.S.C. 327(a) MICHAEL DECKER, Debtor and Debtor in Possession in the above-entitled case filed an Application for the Retention and Employment of DARBY LAW PRACTICE, LTD. (the "Application"). The Application, attached hereto, seeks an Order authorizing the retention and employment of Darby Law Practice, Ltd. as counsel to the Debtor nunc pro tunc to the petition date on negative notice.

///

///

///

1

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 9014.1, the Court will consider this motion, objection, or other matter without further notice of hearing unless a party in interest files an objection within *21 days* from the date of service of this paper.  If you object to the relief requested in this paper, you may file your objection at the bankruptcy clerk's office located in Las Vegas at the United States Bankruptcy Court, 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101 or in Reno at the United States Bankruptcy Court, 300 Booth Street, Reno, Nevada 89509, and serve a copy on the movant's attorney and any other appropriate persons.

It is the duty of any objecting party to timely set the objection for hearing and properly notice all parties in interest. If you *do not* file an objection within the time permitted, an order granting the requested relief may be entered by the Court without further notice or hearing.

**NOTICE IS FURTHER GIVEN:** if an objection is not filed, set for hearing, served, and properly noticed **WITHIN TWENTY (21) DAYS FROM THE DATE BELOW, AN ORDER GRANTING THE ABOVE REQUESTED RELIEF MAY BE ENTERED BY THE UNITED STATES BANKRUPTCY COURT WITHOUT FURTHER NOTICE OR HEARING,** pursuant to 11 U.S.C. § 102(1)(B)(i).

DATED this 26th day of January, 2011.

DARBY LAW PRACTICE, LTD.

*/s/ Kevin A. Darby*

By: _____

KEVIN A. DARBY, ESQ.
TRICIA M. DARBY, ESQ.
4777 Caughlin Parkway
Reno, Nevada 89519
(775) 322.1237

KEVIN A. DARBY, NVSB#7670
TRICIA M. DARBY, NVSB#7956
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com
         tricia@darbylawpractice.com

[*Proposed*] Reorganization Counsel
for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

MICHAEL DECKER,

                    Debtor.

_____/

CASE NO.:   BK-N-10-54972-gwz
Chapter 11

**APPLICATION PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a), 2016(b) AND 5002, AND LOCAL RULE 2014, AUTHORIZING THE RETENTION AND EMPLOYMENT OF DARBY LAW PRACTICE, LTD. AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

NEGATIVE NOTICE
No hearing required unless opposed

Debtor and Debtor in Possession, MICHAEL DECKER, hereby submits this application (the "Motion") for an order pursuant to Section 327(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 2014 of the Local Bankruptcy Rules for the District of Nevada (as amended, the "Local Rules"), authorizing the retention and employment of DARBY LAW PRACTICE, LTD. ("Darby Law Practice") as bankruptcy counsel and, in support thereof, respectfully represent as follows:

**LEGAL MEMORANDUM**

**I.      Jurisdiction and Venue**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**II.     Relief Requested**

2.      By this Application, the Debtor seeks to employ and retain the Darby Law Practice to represent the Debtor as their counsel in connection with the filing and prosecution of the above captioned Chapter 11 case.  Accordingly, the Debtor respectfully requests that the Court enter an order pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014(a), 2016(b), and 5002, and Local Rule 2014 authorizing the Debtor to employ and retain Darby Law Practice nunc pro tunc under a general retainer as their attorney to perform services pursuant to the engagement letter (the "Engagement Letter"), attached as Exhibit 1 in the Declaration of Kevin A. Darby, filed in support of this Application (the "Darby Declaration").

**III.    Background Facts**

3.      On December 24, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date") thereby commencing this Chapter 11 Case.

**IV.     Services to Be Provided**

4.      Subject to further order of the Court and consistent with the Engagement Letter, the Debtor requests the employment and retention of Darby Law Practice to render the following professional services:

a.      to advise the Debtor of their rights, powers and duties as debtors and debtors in possession in the continued operation of business and management of their properties;

2

b.    to take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

c.    to prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports and papers in connection with the administration of the Debtor's estate;

d.    to attend meetings and negotiations with representatives of creditors, equity holders or prospective investors or acquirers and other parties in interest;

e.    to appear before the Court, any appellate courts and the Office of the United States Trustee to protect the interests of the Debtor;

f.    to pursue approval of confirmation of a plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement; and

g.    to perform all other necessary legal services in connection with the Chapter 11 case.  Darby Declaration, ¶ 2.

5.    The Debtor submits that it is essential to employ Darby Law Practice as counsel to provide the above services.  The services of Darby Law Practice are necessary to enable the Debtor to execute faithfully their duties as debtors in possession.

## V.    Basis for Relief

6.    Under Bankruptcy Code Section 327(a), the Debtor, "with the court's approval, may employ one or more attorneys … that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).  Further, the employment may be set "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

7.      The Debtor desires to employ Darby Law Practice as its counsel in connection with the representation of the Debtor in the Chapter 11 case commenced in the District of Nevada.

8.      Darby Law Practice is willing to render the necessary professional services as counsel to the Debtor.  The Debtor respectfully submits that Darby Law Practice is well qualified to serve as counsel and assume the responsibilities required to render efficient representation to the Debtor in this Chapter 11 case.

## VI.    Darby Law Practice's Qualifications

9.      The Debtor has selected Darby Law Practice as counsel because of the firm's experience and knowledge in the field of debtor's rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code.  Darby Law Practice has served as counsel to debtors in several Chapter 7, 11 and 13 cases in the District of Nevada.  Darby Declaration, ¶ 3.

## VI.    Professional Compensation

10.     The Debtor submits that it is necessary to employ Darby Law Practice under a general retainer to render the foregoing professional services.  Darby Law Practice intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Local Rules and pursuant to any applicable procedures or orders established by the Court.  Darby Declaration, ¶ 4.  Darby Law Practice shall submit with its fee applications detailed daily time entries for each individual providing services in one-tenth (.10) hour increments, explaining the services provided as well as a categorized summary of disbursements and expenses for which Darby Law Practice is seeking reimbursement.  Id.  The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, proposes to pay Darby Law Practice its customary hourly rates in effect from time to time as set forth in the Darby Declaration.  Id. at ¶ 5.  The Debtor submits those rates are reasonable.

**VII.    Disinterestedness**

11.    Darby Law Practice is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code as required by Section 327(a) of the Bankruptcy Code and will not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its creditors, related parties or the United States Trustee's Office or its employees. Id., at ¶ 10.

**VIII.    Conclusion**

**WHEREFORE**, the Debtor respectfully requests entry of an order substantially in the form of Exhibit A attached hereto (i) granting the relief requested herein and (ii) such other and further relief as the Court may deem just and appropriate.

DATED this 26th day of January, 2011.

DARBY LAW PRACTICE, LTD.

By:    /s/ Kevin A. Darby
KEVIN A. DARBY, ESQ.
4777 Caughlin Parkway
Reno, Nevada 89509

APPROVED:

OFFICE OF THE U.S. TRUSTEE

By:
Attorney for Acting United States Trustee
August B. Landis

5

1

<u>**Exhibit A**</u>
**PROPOSED ORDER**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>**EXHIBIT A**</u>
**PROPOSED ORDER**

27

28

1

2

3

4

5

6

7

8 | KEVIN A. DARBY, ESQ. (#7670)
TRICIA M. DARBY, ESQ. (#7956)
9 | DARBY LAW PRACTICE, LTD.
10 | 4777 Caughlin Parkway
Reno, Nevada 89519
11 | Telephone: (775) 322-1237
Facsimile: (775) 996-7290
12 | E-mail: kevin@darbylawpractice.com
13 |        tricia@darbylawpractice.com

14 | Proposed Reorganization Counsel
for Debtors and Debtors in Possession

15

16

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

17 | In re:

18 | MICHAEL DECKER,

19 |

20 |                    Debtor.

21 |

22 |

23 |

24 |

25 |
_____

26 |

27 |

28 |

CASE NO.    BK-N-10-54972-gwz
Chapter 11

**ORDER    GRANTING    DEBTOR'S
APPLICATION    PURSUANT    TO    11
U.S.C.  §  327(a),  FED. R. BANKR. P.
2014(a), 2016(b) AND 5002, AND LOCAL
RULE    2014,    AUTHORIZING    THE
RETENTION AND EMPLOYMENT OF
DARBY    LAW    PRACTICE,    LTD.
AS COUNSEL TO THE DEBTOR *NUNC
PRO TUNC* TO THE PETITION DATE
ON NEGATIVE NOTICE**

NEGATIVE NOTICE:
(No hearing required unless opposed)

Upon the application, dated January 21, 2011 (the "Application"), of debtor and debtor in

possession, MICHAEL DECKER (the "Debtor") in the above-captioned Chapter 11 case, for an

-2-

order pursuant to Section 327(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rule 2014 of the Local Rules of Bankruptcy Procedure for the District of Nevada (as amended, the "Local Rules"), authorizing the retention and employment of Darby Law Practice, Ltd. ("Darby Law Practice") as counsel to the Debtor and this Court having considered the Declaration of Kevin A. Darby in support of the Application (the "Darby Declaration"); and the Court being satisfied, based on the representations made in the Application and the Darby Declaration, that Darby Law Practice represents or holds no interest adverse to the Debtor or the estate with respect to the matters upon which Darby Law Practice is to be engaged and is a "disinterested person," as such term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtor and their estate and creditors; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; it is hereby

      **ORDERED** that the Application is granted in its entirety; and it is further

      **ORDERED** that pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016(b) and 5002, the Debtor's employment and retention of Darby Law Practice as counsel in accordance with Darby Law Practice's normal hourly rates and disbursement policies as set forth in the Darby Declaration, and pursuant to the Engagement Letter, effective as of the Petition Date, is approved; and it is further

      **ORDERED** that Darby Law Practice shall apply for compensation and reimbursement in accordance with the procedures set forth in Sections 330 and 331 of the

Bankruptcy Code, applicable Bankruptcy Rules, applicable Local Rules, guidelines established by the Office of the United States Trustee for the District of Nevada, and such other procedures as may be fixed by order of this Court; and it is further

**ORDERED** that the prepetition retainer monies paid to Darby Law Practice and not expended for prepetition services and disbursements shall be held by Darby Law Practice as a general retainer as security throughout the Debtor's bankruptcy case until Darby Law Practice's fees and expenses are awarded and payable to Darby Law Practice on a final basis, and it is further

**ORDERED** that the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that negative notice of this Application as provided therein shall be deemed good and sufficient notice of the Application.

IT IS SO ORDERED.

SUBMITTED BY :

DARBY LAW PRACTICE, LTD.


By: _____*/s/ Kevin A. Darby*_____
        Kevin A. Darby (NV SBN 7670)
        4777 Caughlin Parkway
        Reno, Nevada 89519
        Proposed Counsel for Debtor
        and Debtor in Possession

APPROVED:

OFFICE OF THE U.S. TRUSTEE


By:_____
        Attorney for Acting United States Trustee
        August B. Landis

                                        # # #

1   KEVIN A. DARBY, ESQ. (#7670)
    TRICIA M. DARBY, ESQ. (#7956)
2   DARBY LAW PRACTICE, LTD.
3   4777 Caughlin Parkway
    Reno, Nevada 89519
4   Telephone: (775) 322-1237
    Facsimile:  (775) 996-7290
5   E-mail: kevin@darbylawpractice.com
6          tricia@darbylawpractice.com

7   Proposed Reorganization Counsel
    for Debtor and Debtor in Possession

8
                **UNITED STATES BANKRUPTCY COURT**
9                      **DISTRICT OF NEVADA**

10  In re:                                    CASE NO. :   BK-N-10-54972-gwz
                                              Chapter 11
11
    MICHAEL DECKER,
12                                            **DECLARATION OF KEVIN A. DARBY IN**
                         Debtor.              **SUPPORT OF APPLICATION PURSUANT**
13                                            **TO 11 U.S.C. § 327(a), FED. R. BANKR. P.**
                                              **2014(a), 2016(b) AND 5002, AND LOCAL**
14                                            **RULE   2014,   AUTHORIZING   THE**
                                              **RETENTION AND EMPLOYMENT OF**
15                                            **DARBY   LAW   PRACTICE.   LTD.**
                                              **AS COUNSEL TO THE DEBTOR** *NUNC*
16                                            *PRO TUNC* **TO THE PETITION DATE**

17                                            NEGATIVE NOTICE
                                              No hearing required unless opposed
18  _____ /

19       KEVIN A. DARBY, under penalty of perjury, states:

20       1.      I submit this verified statement pursuant to section 327(a) of title 11 of the United

21  States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a),

22  2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy

23  Rules"), and Rule 2014 of the Local Bankruptcy Rules for the District of Nevada (as amended,

24  the "Local Rules"), authorizing the retention and employment of Darby Law Practice, Ltd.

25  ("Darby Law Practice") as bankruptcy counsel *nunc pro tunc* to the Petition Date (as defined

26  herein).  Except as otherwise indicated, I have personal knowledge of the matters set forth herein

27  and, if called as a witness, would testify competently thereto.

28

                                              1

2.      Darby Law Practice seeks to be employed to render the following professional services:

a.      to advise the Debtor of their rights, powers and duties as debtor and debtor in possession in the continued operation of their business and management of his properties;

b.      to take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections to claims filed against the Debtor's estates;

c.      to prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports and papers in connection with the administration of the Debtor's estate;

d.      to attend meetings and negotiations with representatives of creditors, equity holders or prospective investors or acquirers and other parties in interest;

e.      to appear before the Court, any appellate courts and the Office of the United States Trustee to protect the interest of the Debtor;

f.      to pursue approval of confirmation of a plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement; and

g.      to perform all other necessary legal services in connection with the Chapter 11 case.

3.      Darby Law Practice has experience and knowledge in the field of Debtor's rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code.  Darby Law Practice has served as counsel to debtors in several Chapter 7, 11 and 13 cases filed in the District of Nevada.

4.      Darby Law Practice will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Local Rules and pursuant to any applicable procedures or orders established by the Court.  Darby Law Practice shall submit with its fee applications detailed daily time entries for each

individual providing services in one-tenth (.10) hour increments, explaining the services provided as well as a categorized summary of disbursements and expenses for which Darby Law Practice is seeking reimbursement.

5.      For professional services, Darby Law Practice's fees are based in part on its customary hourly rates, which are periodically adjusted in accordance with its policy.  Presently, the hourly rates for professionals range from $250.00 - $300.00.

6.      The Debtor paid Darby Law Practice a retainer fee in the amount of $10,000.00 which includes the filing fee in connection with this Chapter 11 case. Attached hereto as Exhibit "1" is a true and correct copy of the Fee Agreement (the "Fee Agreement") entered into between Darby Law Practice and the Debtor.

7.      Darby Law Practice will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services.  These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

8.      Darby Law Practice has agreed to accept as compensation such sums as may be allowed by the Court on the basis of: (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues, or tasks addressed in this case.

9.      Except as otherwise provided herein, Darby Law Practice is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code as required by Section 327(a) of the Bankruptcy Code and will not hold or represent an interest adverse to the Debtor's

3

estate and has no connection to the Debtor, its creditors, the United States Trustee's Office, or any of its employees.

DATED this 26th day of January, 2011.

DARBY LAW PRACTICE, LTD.

By:    /s/ Kevin A. Darby
     KEVIN A. DARBY, ESQ.
     TRICIA M. DARBY, ESQ.

[*Proposed*] Counsel for Debtor and Debtor in Possession

APPROVED:

OFFICE OF THE U.S. TRUSTEE

By: _____

4

# EXHIBIT "1"

# EXHIBIT "1"

# ATTORNEY FEE AGREEMENT
### (Chapter 11)

THIS AGREEMENT is made effective this 17th day of December 2010, by and between MICHAEL DECKER (the "Client") and DARBY LAW PRACTICE, LTD (the "Firm").

1. <u>Services To Be Provided By The Firm.</u>

Client hereby engage Firm to provide all legal services reasonably required to represent Client in connection with Client's reorganization case under Chapter 11 of the Bankruptcy Code (the "Matter").   Such services shall include services as necessary and at Firm's discretion, including, if applicable:   consultation, pre-petition planning, and preparation of the initial petition, preparation of schedules and statements, defense of motions for relief from stay, preparation of a plan of reorganization and a disclosure statement, assisting in the implementation of a confirmed plan, and such other matters as may be necessary in order to effectively reorganize and to comply with the requirements of the Bankruptcy Code.   In order to enable the Firm to effectively render these services, Client shall be truthful with Firm in discussing the Matter and shall keep Firm apprised of all developments regarding Matter.   The Client shall specifically advise the Firm immediately if Client are unable to pay ongoing expenses for operation of its business post-petition, particularly including (without limitation) payment of Internal Revenue Service employee income and withholding taxes or any other applicable taxes, rent or mortgage payments and other secured debt(s), lease obligations, salaries, purchase of

Page **1** of **7**

necessary goods, and payment of necessary services.  Client shall otherwise cooperate with Firm in Matter and shall be reasonably available to attend meetings, court appearances, or other proceedings in connection with Matter.  Client hereby acknowledge that Firm is not Client's general counsel and that acceptance of this engagement by Firm do not involve representation of Client or Client's business interests in any matter other than the subject reorganization case.

    2.    <u>Fees</u>.

        a.    As compensation for the services to be performed by the Firm, pursuant to Section 1 above, Client agree to pay fees to Firm at the basic hourly rate set forth on the Schedule attached hereto (the "Schedule"), subject to periodic changes as provided herein and subject to adjustment as provided by Section 2(b) below.  The basic hourly rates set forth in the Schedule are subject to periodic adjustments to reflect economic and other conditions, and, on occasion, to reflect the Firm member's increased experience and expertise.  Firm shall give Client thirty (30) days' notice of any such change, and Client shall be presumed to have agreed to the new basic hourly rates if Client do not advise Firm in writing within thirty (30) days following receipt of the notice.

        b.    Time for legal personnel is charged in the minimum increments of one-tenth (1/10th) of an hour, except as otherwise noted on the Schedule with respect to a specific task.

        c.    The time billed to Client by Firm may include, without limitation, time spent waiting in court, time spent in travel, and time spent in office conferences

between or among the legal personnel assigned to Matter and time spent in strategizing the case.    When such personnel engage in office conferences, each person will charge for his or her time expended.    Likewise, if more than one of Firm's legal personnel attends a meeting, court hearing or other proceeding, each will charge for his or her time.    Firm shall assign legal personnel to Matter solely in Firm's judgment.

        d.     Client hereby acknowledge that although the Firm may, from time to time for Client's convenience, furnish Client with estimates of the amounts of fees which Firm anticipates will be charged with respect to services to be performed under this Agreement, Firm is not obligated to do so, and such estimates are by their nature inexact and are not binding on either Firm or Client.

        3.     <u>Costs and Expenses</u>.

        Client agree to pay Firm, in accordance with this Section 3, all costs and expenses incurred in performing legal services in connection with the Matter.    Such costs and expenses may include, without limitation, long distance telephone or conference calls; messenger and other delivery fees; facsimile charges; postage; court docket services (i.e., PACER); client-specific office supplies and materials; charges for computer research and data retrieval and outside assisted legal research; travel expenses such as mileage, parking, air fare, meals and hotel accommodations (travel charges shall be in addition to the hourly rates for travel time); photocopying and other reproduction charges; clerical staff overtime; overtime charges for word processing services; charges for computer time; process service fees; filing fees and other charges assessed by courts and other public agencies; court

reporter fees; jury fees; witness fees; investigator fees; expert fees or consultant fees; and similar items.   Except as may be listed on the Schedule, all such items will be charged to Client as Firm's costs and Firm shall be reimbursed therefore.

    4.    <u>Retainer / Funds In Trust</u>.

        Client hereby agree to pay, upon execution of this Agreement, a retainer in the amount as indicated on the Schedule, which shall be placed in a trust account (the "Retainer").   This Agreement shall not become effective until Firm receives such retainer. The Retainer shall be held in trust for Firm, which shall be considered a retaining trust in accordance with Nevada law.   All fees earned pre-petition shall be immediately paid from the Retainer.   All post-petition fees shall be subject to approval of the Bankruptcy Court in accordance with 11 U.S.C. § 330.   Disbursements shall be made immediately from Retainer to pay post-petition fees as approved by the Bankruptcy Court.   After satisfaction of any invoices that are outstanding at the conclusion of the representation, any unused portion of Retainer shall be refunded to Client, unless otherwise required by the Bankruptcy Court or Bankruptcy Code.

    5.    <u>Billings</u>.

        Firm will send Client an invoice for fees and costs incurred on a monthly basis.   Firm's invoices shall clearly state the basis thereof, including a description of the services, amount of time spent for the service, and rate and basis for calculation of Firm's fees.   Client agree to pay Firm at the normal hourly rates for any time spent by the Firm in attempting to collect unpaid fees and costs owed by Client.   A $25.00 administrative fee

shall be assessed on all checks returned by Client's bank for any reason as well as all bank charges assessed in connection therewith.

6.    Disclaimer.

Firm has made no promises or guarantees to Client concerning the outcome of the Matter, and nothing in this Agreement shall be construed as such a promise or guarantee.

7.    Termination of Service.

a.    Client shall have the right at any time to terminate Firm's services upon written notice to Firm, and Firm shall immediately after receiving such notice cease to render additional services.  Such termination shall not, however, relieve Client of the obligation to pay the fees due for services rendered and costs incurred prior to such termination.

b.    If Client fails to meet any of Client's obligations under this Agreement, Firm shall have the right to terminate this Agreement, and Client shall take all steps necessary to free Firm of any obligation to perform further, including, without limitation, the execution of any documents necessary to complete Firm's discharge or withdrawal.  The right of Firm hereunder is in addition to those created by statute or recognized by rules of professional conduct.

c.    If Firm is required to commence an action to collect unpaid fees, Firm shall be entitled to fees and costs associated with such collection.

d.    If Firm determines that Client's business is operating at a loss post-petition.

e.      If Firm determines, in its sole discretion, that Client will be unable to pay current outstanding billings of Firm, or billings reasonably projected to be incurred by Firm in the future.

f.      Following plan confirmation, Firm is not Client's counsel of record. However, if Firm continues to render services to Client, Firm shall be paid in accordance with this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

ATTORNEY:

DARBY LAW PRACTICE, LTD

Dated: 12/17/2010                    By: Kevin A.Darby
                                         KEVIN A. DARBY, ESQ.


Dated: 12-17-10                      By: _____
                                         MICHAEL DECKER



SCHEDULE

DESCRIPTION OF MATTER AND SCHEDULE OF RATES

(Chapter 11)

1.    Matter.

      Representation of Debtor(s) in all aspects of Chapter 11 reorganization and

      proceedings in connection therewith.

2.    Fees.

      Kevin A. Darby, Esq.
      DARBY LAW PRACTICE, LTD.                    $300.00 PER HOUR

3.    Retainer Deposit.


      $10,000                    (Includes Chapter 11 filing fee of $1,039.00).

E-filed on: **February 8, 2011**

**DARBY LAW PRACTICE, LTD.**
**Kevin A. Darby, NSB# 7670**
**Tricia M. Darby, NSB# 7956**
**4777 CAUGHLIN PARKWAY**
**RENO, NV 89519**
**Tel: 775.322.1237**
**Fax: 775.996.7290**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re: *(Name of Debtor)*
MICHAEL DECKER,

Debtor(s)

Case No. BK   10-54972-GWZ

Chapter   ☐ 7 ☒ 11 ☐ 13

## CERTIFICATE OF SERVICE

**1)  On January 27, 2011 I served the following documents**:
NEGATIVE NOTICE OF APPLICATION AND APPLICATION AUTHORIZING THE EMPLOYMENT AND RETENTION OF DARBY LAW PRACTICE, LTD. AS COUNSEL FOR DEBTOR NUNC PRO TUNC TO PETITION DATE

**2)  To the following parties in the manner(s) as set forth below**:

　a)  *VIA ECF SYSTEM*:

STEFANIE T. SHARP on behalf of Creditor CITY NATIONAL BANK
ssharp@rbsllaw.com, hdericco@rbsllaw.com

U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

　b)  *VIA U.S. POSTAL SERVICE, REGULAR MAIL, POSTAGE PREPAID THEREON*:

TO:　　List attached hereto

**3)  I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 8th day of February, 2011.

　　　　　*/s/ Kendal Stephens*
　　　　　KENDAL STEPHENS
　　　　　An Employee of Darby Law Practice, Ltd.

February 1, 2006

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Label Matrix for local noticing
0978-3
Case 10-54972-gwz
District of Nevada
Reno
Thu Feb  3 12:16:27 PST 2011

United States Bankruptcy Court
300 Booth Street
Reno, NV 89509-1360

Bank Of America
Acct No xxxxxxxxxxxx3090
Po Box 17054
Wilmington, DE 19850-7054

Bank Of America
Acct No xxxxxxxxxxxx6439
Attn: Bankruptcy NC4-105-02-99
Po Box 26012
Greensboro, NC 27420-6012

CITY NATIONAL BANK
5830 W. FLAMINGO ROAD
Las Vegas, NV 89103-0166

Carrington Mortgage Se
Acct No xxxxxxx5932
1610 E Saint Andrew Pl
Santa Ana, CA 92705-4931

Fia Card Services, NA As Successor In Intere
Bank of America NA and Mbna America Bank
1000 Samoset Drive
DE5-023-03-03
Newark, DE 19713-6000

Greater Nevada Credit Union
P.O. Box 829009
Dallas, TX 75382-9009

Greater Nevada Cu
Acct No xxxxxxxxx0001
P.o. Box 2128
Carson City, NV 89702-2128

HSBC BANK USA, NATIONAL ASSOCIATION
C/O WELLS FARGO BANK, N.A.
ONE HOME CAMPUS, MAC ID#X2302-04C
DES MOINES, IA 50328-0001

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

NEVADA STATE BANK
PO BOX 1507
Salt Lake City, UT 84110-1507

Nathan R. Zeltzer, Esq.
333 Marsh Ave., Ste. 1
Reno, NV 89509-1611

Nevada State Bank
PO BOX 990
Las Vegas, NV 89125-0990

Rob Seidenwurm, Esq.
Acct No TSN NV-SBK-101270
4350 La Jolla Village Drive
Suite 330
San Diego, CA 92122-1287

(c)U.S. TRUSTEE - RN - 11
300 BOOTH ST STE 3009
RENO NV  89509-1362

WASHOE COUNTY TREASURER
PO BOX 30039
Reno, NV 89520-3039

Wells Fargo Hm Mortgag
Acct No xxxxxxxxx1991
8480 Stagecoach Cir
Frederick, MD 21701-4747

KEVIN A. DARBY
DARBY LAW PRACTICE, LTD.
4777 CAUGHLIN PKWY
RENO, NV 89519-0906

MICHAEL P. DECKER
3645 FALCON WAY
RENO, NV 89509-5612

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


INTERNAL REVENUE SERVICE
P.O. Box 21126
DPN 781
Philadelphia, PA 19114



Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

U.S. TRUSTEE - RN - 11
300 BOOTH STREET
SUITE 2129
RENO, NV 89509

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)CITY NATIONAL BANK                    (u)DENT DOCTOR, INC.                    (u)LINDA BARRETT

End of Label Matrix
Mailable recipients    19
Bypassed recipients     3
Total                  22